UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL VINTON GRANADOS, JR, | Case No. 1:16-cv-001123-GSA |
| Plaintiff, | ORDER DIRECTNG ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF PAUL VINTON GRANADOS, JR. AND AGAINST DEFENDANT, NANCY A. BERRYHILL, ACTING COMMISSION OF SOCIAL SECURITY |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

I.     **INTRODUCTION**

      Plaintiff, Paul Vinton Granados, Jr. ("Plaintiff"), seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for Disability Insurance Benefits ("DIB") pursuant to Titles II of the Social Security Act. The matter is currently before the Court on the parties' briefs (Docs. 19 and 20), which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] Upon a review of the administrative record, the Court finds the ALJ did not apply the correct legal standards and the decision is not supported by substantial evidence. Accordingly,

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 4 and 14).

1

Plaintiff's Appeal is GRANTED and the case is remanded to the agency for further proceedings.

## II.    FACTS AND PRIOR PROCEEDINGS

### A. Background

On April 19, 2012, Plaintiff filed an application for DIB claiming disability beginning February 15, 2012, due to posttraumatic stress disorder ("PTSD"). AR 16-18; 84; 336. On January 28, 2014, ALJ Danny Pittman ("ALJ") held a hearing and issued a decision denying benefits on April 21, 2014. AR 56-119-134. Plaintiff appealed the decision and the Appeals Council remanded the case. AR 135-139. On remand, the ALJ was directed to: (1) give consideration to new evidence consisting of a Department of Veteran's Affairs disability rating ("VA rating") dated April 5, 2014 (AR 858-862); (2) obtain additional evidence from Dr. Niles (Plaintiff's treating psychiatrist), as well as from the VA as it relates to the newer assessment; (3) further evaluate Plaintiff's mental impairments; (4) obtain evidence from a medical expert to clarify the limiting effects of Plaintiff's impairments (if needed); (5) give further consideration to the treating source opinions; and (6) obtain evidence from a vocational expert ("VE") (if needed). AR 136-138.

ALJ Danny Putman held a supplemental hearing on November 10, 2014. AR 31-55. The plaintiff, Dr. Richard Cohen (a psychiatric medical expert), and VE J. Chaparro, all testified at the hearing. On December 19, 2014, ALJ Pittman issued a decision, again denying benefits. AR 16-25. Plaintiff appealed and the Appeals Counsel denied the appeal on June 14, 2016. AR 1-6. Therefore, this appeal is a review of ALJ Pittman's decision issued on December 19, 2014, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 16-25.

Plaintiff is now challenging ALJ Pittman's 2014 decision, arguing that the ALJ erred by : (1) not properly evaluating Plaintiff's VA disability rating; (2) improperly rejecting treating physician Dr. Nile's opinion; and (3) giving more weight to Dr. Cohen's expert opinion. (Doc.19, pgs. 6-25). Plaintiff argues that the Court should reverse and remand for further administrative proceedings.  In opposition, Defendant argues: (1) that the ALJ properly considered the VA's disability ratings; and (2) the ALJ's evaluation of the medical opinion evidence was proper and is supported by substantial evidence. (Doc. 20, pgs. 4-15).

2

**B.  Summary of the Medical Record**

The Court has reviewed the entire medical record. AR 406-963. Relevant portions of the record will be referenced in the discussion where appropriate.

**III.    THE DISABILITY DETERMINATION PROCESS**

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 404.1502(a)-(f).  The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled.  20 C.F.R. § 404.1502(a)(4).  The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 404.1527.

Specifically, the ALJ is required to determine:  (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments,[3] (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the RFC to perform his or her past relevant work,[4]

---

[3] "Severe" simply means that the impairment significantly limits the claimant's physical or mental ability to do basic work activities.  *See* 20 C.F.R. § 416.920(c).

[4] Residual functional capacity captures what a claimant "can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level.  20 C.F.R. § 404.1520(a)-(f).

**IV.    SUMMARY OF THE ALJ'S DECISION**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard.  AR 20; 25.  In particular, the ALJ found that Plaintiff last met the insured status requirements on June 30, 2013, and had not engaged in substantial gainful activity from his alleged onset date of February 15, 2012, through the last insured date of June 30, 2013. AR 18.  Further, the ALJ identified depressive disorder, anxiety disorder, and PTSD as severe impairments.  AR 18-19.  The ALJ also determined that Plaintiff does not have an impairment, or combination of impairments, that meet, or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 19-20.

Based on a review of the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels but that he is limited to simple routine tasks. He also limited Plaintiff to working in a low stress setting (defined as a moderate level of social contact with other people) with low production demands (defined as no production or pace work). AR 20-24. Given these limitations, the ALJ determined Plaintiff could not perform his past relevant work as a tractor-trailer truck driver. AR 24. However, based on this RFC, the ALJ identified several other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including a golf range attendant, a housecleaner, and an industrial worker. AR 25.

**IV.    STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405 (g).  Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008);

*Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

V.     **DISCUSSION**
   **A. The ALJ's Evaluation the Administrative Record, Including the 2014 VA Disability Rating and the Medical Opinions, is Not Supported by Substantial Evidence.**

Plaintiff argues that the ALJ failed to appropriately consider the 2014 VA disability rating. Specifically, he contends that the ALJ committed clear error because the only reason he gave for discounting the report was that it was, "a decision regarding the eligibility of the claimant [for]Veteran's disability benefits." AR 23. He asserts that this reason violates established Ninth Circuit precedent requiring that the ALJ give deference to this decision, or provide persuasive, specific, and valid reasons for not doing so. (Doc. 19, pg. 8). In Opposition, the Commissioner argues that in addition to the reason outlined above, the ALJ also gave the report little weight because: (1) it was a checklist of symptoms that the medical expert testified was not helpful to him, nor was it consistent with Plaintiff's level of functioning; (2) Dr. Nile's 2012 report (which was the basis of the disability rating) was also in checklist form which the ALJ discounted because it was inconsistent with Plaintiff's testimony and the treatment record; and (3) the VA report, dated April 2014, was after the Plaintiff's insured eligibility status which expired on June 30, 2013, and therefore it was not relevant to the Social Security disability determination. (Doc. 20, pgs. 4-7). After reviewing the record, the Court is not persuaded by the Commissioner's arguments.

In 2013, Plaintiff requested a review of his VA disability rating. At that time, Plaintiff had a "50 percent disabling" due to his PTSD. AR 858. The VA reviewed Plaintiff's case, including a Review of PTSD Disability Benefit Questionnaire completed in April 2012, by Plaintiff's treating psychiatrist, Dr. Lynn Marie Nile (AR 281-286), as well as a VA examination dated March 6,

5

2014. AR 858. Based on this review, the VA increased Plaintiff's disability rating from 50% to

70% based on his PTSD, and found he was entitled to individual unemployability effective April

18, 2012.[5] AR 858.

When reviewing the 2014 VA rating, the ALJ stated as follows:

> The Department of Veteran's Affairs issued a Rating Decision
> dated April 5, 2013. The decision stated the claimant's PTSD was
> increased from 50 percent disabling to 70 percent disabling
> effective April 18, 2012. The claimant was entitled to individual
> unemployability and the Dependents' Education Assistance
> effective that date. The disability rating was noted to be increased
> based on a review of a questionnaire completed by Dr. Lynn M.
> Nile that was received on April 30, 2012. That decision notes that
> entitlement to individual unemployability was granted because the
> claimant was unable to secure or follow a substantially gainful
> occupation as a result of his service connected with PTSD. It
> note[d] a medical source statement from Dr. Nile showed that the
> claimant was permanently disabled. The decision is given little
> weight. It was a decision regarding the eligibility of the claimant to
> Veteran's disability benefits.

AR 23 (citations omitted).

Thus, in this section of the order, the only reason the ALJ gave to discredit this rating was

that it was a decision related to Plaintiff's application for Veteran's benefits. This is insufficient.

It is well established that although a disability determination by the VA is not binding on the

Social Security Administration ("SSA"), an ALJ must consider that determination in reaching his

decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504. In

fact, the ALJ "must ordinarily give great weight to a VA determination of disability." *McCartey*,

298 F.3d at 1076. However, "[b]ecause the VA and SSA criteria for determining disability are

not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive,

specific, valid reasons for doing so that are supported by the record." *Id*.

Here, simply stating that the report will be given less weight because it was a decision

regarding his eligibility for Veteran's benefits runs afoul to of the rationale in *McCartey*, 298 F.3d

at 1076. *McCartey* requires that the VA assessment be given great weight because :

> [b]oth programs serve the same governmental purpose - providing
> benefits to those unable to work because of a serious disability.

---

[5] This date falls within Plaintiff's insured disability period which was between February 15, 2012 and June 30, 2013.
AR 18.

Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims.... Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework.

*McCartey*, 298 F. 3d at 1076. Thus, the Ninth Circuit has acknowledged the similarity between these programs which undermines the ALJ's statement that he gave the report little weight because it relates to Plaintiff's eligibility for VA benefits. AR 23.

Similarly, the Court is not persuaded by the Commissioner's other reasons given to support the ALJ's decision. Specifically, the Commissioner contends that the ALJ also gave the report little weight because he discredited Dr. Nile's 2012 opinion which was the basis of the 2014 Disability Rating. Instead, the ALJ relied on the testimony of Dr. Cohen, a medical expert who testified at the hearing, who found that Dr. Niles report was not helpful because it was a checklist of symptoms without records, and that his review of the medical records did not support Dr. Nile's findings that Plaintiff had a Global Assessment of Functioning Rating of 45. (Doc. 20, pgs. 4-12); AR 23; 46-47; 281-285.

However, reliance on Dr. Cohen's testimony is problematic because, as Plaintiff correctly notes, Dr. Cohen was not provided with the complete medical record prior to his testimony. The doctor repeatedly testified that he had only been given medical records up until August 23, 2012, and that he had not seen Dr. Nile's 2012 report, or more recent treatment notes (including the 2014 VA Rating). AR 38-39; 43; 45-47. The Court is aware that Plaintiff's counsel read Dr. Nile's 2012 report to him, and Plaintiff testified that his condition had worsened in the past several months. AR 39-42. Moreover, the ALJ advised Dr. Cohen that he had reviewed the most recent treatment records and there were no dramatic changes in Plaintiff's condition other than an increase in Prazosin in July 2014. AR 43. Dr. Cohen opined that in order for a change in Plaintiff's condition to be significant, it would need to have lasted for a year, and that an increase in symptoms of a few months would not change his opinion. AR 43-44. Given the information the ALJ summarized, Dr. Cohen testified that he had sufficient evidence to render an opinion. AR 43.

The above exchange is troublesome for several reasons. First, the ALJ gave an opinion to the doctor regarding the content of the medical records. This would have been permissible had the records actually stated that there had been "no change" in Plaintiff's condition. However, that is not the case here. Beginning November 2012, Plaintiff reported he was complaining of "no sleep" due to nightmares; hypervigilance/exaggerated startle response; and he was forgetful with a decrease in his short term memory and concentration. AR 646. At that time, Dr. Nile added 25 milligrams of Trazodone to his prescription regimen. AR 646. In January 2013, Plaintiff reported continued difficulties with sleep due to nightmares; depression of seven on a ten point scale with increased irritability/anger. At that time, the doctor noted Plaintiff's thought process and thought content were restricted. AR 959. In October 2013, Plaintiff reported that he was "up and down," with nightmares four times per week; four hours of broken sleep; hypervigilance with exaggerated startle response; moderate irritability; continued problems with his short term memory and concentration (especially with numbers and writing); and a decreased ability to focus. AR 713. In March and June of 2014, Plaintiff reported an improvement in his depression (AR 982; 951), however, in June 2014, Plaintiff also stated he was having continued nightmares two to three times per week with "increased heat;" three to four hours of broken sleep; decreased short term memory and concentration; increased irritability/anger. AR 910. At that appointment, Dr. Niles assessed severe PTSD and noted that Plaintiff was slightly guarded and tense with an anxious mood and nervous affect. AR 910. After Plaintiff reported similar symptoms in July 2014, Dr. Niles added three milligrams of Prazosin as needed to Plaintiff's prescriptions. AR 910.

Granted, the ALJ did summarize these medical records in his decision and gave his impression of the medical record to Dr. Cohen at the time of the hearing. AR 21; 23; 43. However, in doing so, he gave a medical opinion that Plaintiff's condition had not dramatically changed, which was not proper. An ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert. *See, Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (As a lay person, the ALJ is "not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion"; he is "simply not qualified to interpret raw medical data in functional terms."); *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("[T]he ALJ cannot

8

arbitrarily substitute his own judgment for competent medical opinion . . . ." (citations and quotation marks omitted)); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (the ALJ "must not succumb to the temptation to play doctor and make [his] own independent medical findings."); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985) (the ALJ may not substitute his interpretation of laboratory reports for that of a physician). This is especially true when evaluating the opinions of treating physicians and specialists whose opinions are entitled to deference. 20 C.F.R. § 404.1527(c)(2) (Generally, more weight is given to treating physicians and specialists about medical issues related to his or her specialty area); *See, Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004) (treating physician's opinion is afforded more weight than that of a non-examining reviewing or consulting physician); *Holohan v. CSS*, 246 F. 3d 1195, 1202-1203 n. 2 (9th Cir. 2001) (specialty of medical source is relevant when weighing opinions).

Given the above, the Court cannot conclude that the above information would not have changed Dr. Cohen's decision if he had seen the records. Arguably, Plaintiff was having increased symptoms for over a year and Dr. Cohen indicated that changes for a year in duration may change his impressions. AR 43-44. A doctor needs to evaluate these records to determine their relevance in the Social Security disability context. Moreover, the fact that the records were not made available to the doctor prior to his testimony is especially troubling given the Appeals Council directives on remand that the ALJ fully evaluate the 2014 VA rating including the supporting documentation. AR 136-138.

The Commissioner has argued that the ALJ's decision is also supported by his reliance on Dr. Murillo and Dr. Brook's (two non-examining state agency physicians) opinions who both determined that Plaintiff could perform simple repetitive tasks with limited public contact. AR 23-24; 88-92; 106-107; 109-111. However, similar difficulty exists with these findings as these doctors' opinions were rendered in March 2012 and December 2012, respectively. AR 88; 107. Therefore, they also did not have access to the more recent records when making their assessments. AR 86-87.

In light of the above, this Court finds that the ALJ did not give persuasive, specific, valid reasons for rejecting the 2014 disability rating. *McCartey*, 298 F.3d at 1076. Moreover, because

the ALJ relied on similar reasons to reject Dr. Nile's opinion (23-24), the Court finds these findings were not supported by substantial evidence. See, *Garrison v. CSS*, 759 F.3d 995, 1012 (9th Cir. 2014); *Ghanim v. CSS*, 763 F.3d 1155, 1161(9th Cir. 2014) (If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected for specific and legitimate reasons).

Finally, Defendant argues that the 2014 report had limited relevance because the VA report was dated April 5, 2014, after Plaintiff's insured status expired on June 30, 2013. She also argues that Dr. Nile's 2012 report, or the 2014 VA disability rating, did not reference specific medical findings, and neither report attached evidence in support of the findings. (Doc. 20, pgs. 5-6). However, these reasons were not articulated by the ALJ and a reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts"). Moreover, the 2014 VA rating explicitly noted that Plaintiff's PTSD was 70 % disabling as of April 2012, and that he was entitled to individual unemployability as of that date. AR 858. Therefore, the Commissioner's arguments related to the time relevancy of the reports is not persuasive.

## VI.     REMAND FOR FURTHER ADMINSTRATIVE PROCEEDINGS

Given the above, the Court must determine whether this action should be remanded to the Commissioner with instructions to immediately award benefits, or whether this action should be remanded to this Commissioner for further administrative proceedings. Remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Garrison v. Colvin,* 759 F. 3d at 1020 (9th Cir. 2014). Conversely, a court should remand with for an award of benefits when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. at 1020. Even if all

three of these criteria are met, the Court can retain flexibility in determining an appropriate remedy. *Brown-Hunter v. Colvin*, 806 F. 3d 487, 495 (9th Cir. 2015).

The Plaintiff has only requested a remand for further proceedings which the Court finds appropriate. Here, the record is not complete because no doctor has evaluated the entire medical record. On remand, the ALJ should evaluate the medical evidence and either credit the VA Ratings based on Dr. Nile's report, or alternatively, reject the report/opinion by applying the appropriate legal standard. Although not required, it is recommended that a consultative psychiatrist (rather than a non-examining physician) evaluate Plaintiff Plaintiff's extensive PTSD history. Any subsequent decision shall discuss the weight assigned to each physician's opinion, the reasons for making such a determination, and why substantial evidence supports that conclusion. The ALJ should then formulate a RFC that encompasses any limitations and/or opinions that are supported by substantial evidence.

Importantly, the Court expresses no opinion regarding how the evidence should ultimately be weighed, or how any ambiguities or inconsistencies resolved on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony, provided the ALJ's determination complies with applicable legal standards, is clearly articulated via appropriate reasoning provided in the decision, and is supported by substantial evidence in the record. Conversely, the ALJ may ultimately find plaintiff disabled during the appropriate period.

///
///
///
///
///
///
///
///
///
///

## VII.   CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision that Plaintiff is not disabled is not supported by substantial evidence in the record as a whole, and is not based on proper legal standards.  Accordingly, this Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgement in favor of Plaintiff, Paul Vinton Granados, and against Nancy A. Berryhill, the Acting, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   __October 25, 2017__          _____ /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE